# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | § § | |
| V. | § § | CASE NO. 4:09-CR-193 |
| FRANCESK SHKAMBI | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion to Suppress Illinois Title III Phone Intercept Evidence (Dkt. #359). After considering the motion and the response thereto (Dkt. #361), the Court recommends the motion be denied.

### BACKGROUND

Beginning in October of 2006 and continuing through July of 2007, the Government applied for and received authorization in the Eastern Division of the Northern District of Illinois to intercept wire communications for phone numbers (630) 776-4215, (773) 875-8266, and (773) 814-2142. Defendant was listed in the phone intercept application as a potential interceptee, and numerous calls involving Defendant were intercepted and recorded.

On September 3, 2013, Defendant moved to suppress evidence of the contents of the intercepted calls from those phone numbers located in the Northern District of Illinois (Dkt. #359).[1] On September 12, 2013, the Government filed its response to all three motions (Dkt. #361).

---

[1] Defendant also moved to suppress evidence of the contents of intercepted calls in the Eastern District of Texas (Dkt. #357) and in Michigan (Dkt. #358). The Court has already addressed these motions in a prior Report and Recommendation (Dkt. #373).

**ANALYSIS**

Defendant contends, generally, that the evidence obtained from the intercepted calls should be suppressed because the applications for the intercepts failed to establish probable cause of the commission of a crime or attempt thereof, as required under 18 U.S.C. § 2518(3). Defendant asserts that the orders of authorization of approval were facially insufficient.

Defendant's motion to suppress contains no specific factual allegations or legal arguments, and merely argues that suppression is appropriate because the applications lack probable cause. Title III of the Omnibus Crime Control and Safe Streets Act of 1968 authorizes the use of wiretap surveillance in the context of a criminal investigation. 18 U.S.C. § 2516. To intercept communications between private persons, law enforcement officers must apply for authorization from a federal judge. *Id*. The judge may enter an ex parte order authorizing interception of "wire, oral, or electronic communications within the territorial jurisdiction of the court in which the judge is sitting (and outside that jurisdiction but within the United States in the case of a mobile interception device authorized by a Federal court within such jurisdiction)." 18 U.S.C. § 2518(3). The judge must determine on the basis of the facts submitted by the applicant that: (1) there is probable cause for belief that an individual is committing, has committed, or is about to commit a particular offense...; (2) there is probable cause for belief that particular communications concerning that offense will be obtained through such interception; (3) normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous; and (4) there is probable cause to believe that the facilities from which the wire, oral, or electronic communications are to be intercepted are being used, or are about to be used, in connection with the commission of such offense, or commonly used by such person. *Id*.

Defendant's motion only argues that there was insufficient probable cause. "An order authorizing a wiretap, like an ordinary search warrant, must be supported by a finding of probable cause." *United States v. Gonzales*, 866 F.2d 781, 786 (5th Cir. 1989). "If the judge uses common sense and bases [his or her] finding on the entire picture presented to [him or her]," then the "determination is conclusive in the absence of arbitrariness." *Id*. (citing *United States v. Weinrich*, 586 F.2d 481, 487 (5th Cir. 1978)). "The task of the issuing judge is to make a common sense decision whether the affidavit shows a fair probability that evidence will be obtained, according to all the circumstances, including the veracity and basis of knowledge of anyone supplying hearsay information." *Id*. The Fifth Circuit has instructed that "probable cause is to be gleaned from a 'common sense reading of the entire affidavit.'" *United States v. Duffey*, No. 3:08-CR-0167-B, 2009 WL 2356156, at *3 (N.D. Tex. July 30, 2009) (citing *United States v. McCoy*, 539 F.2d 1050, 1055 (5th Cir. 1976); *United States v. Hyde*, 574 F.2d 856, 863 (5th Cir. 1978)).

"It is axiomatic that in order to obtain a wiretap pursuant to Title III, as when seeking a search warrant, the government must make a showing of probable cause." *United States v. Madrid*, 916 F. Supp. 2d 730, 737 (W.D. Tex. 2012) (citing *United States v. Bannerman*, No. Crim. 03-10370-DPW, 2005 WL 2323172, at *3 (D. Mass. Aug. 25, 2005)). In addition, it is not necessary for the Government to make a showing of probable cause for each individual named in a wiretap application and affidavit. *Id*. (collecting cases); *e.g. United States v. Domme*, 753 F.2d 950, 954 n.2 (11th Cir. 1985); *United States v. Figueroa*, 757 F.2d 466, 475 (2d Cir. 1985) ("[T]he government need not establish probable cause as to all participants in a conversation. If probable cause has been shown as to one such participant, the statement of the other participants may be intercepted if pertinent to the investigation.") (citations omitted); *United States v.*

*Vargas*, 116 F.3d 195, 196 n.1 (7th Cir. 1997) (no probable cause needed to simply list a defendant in a wiretap application as a probable converser); *United States v. Little*, No. 11-189-01, 2012 WL 489194, at *3 (W.D. La. Feb. 14, 2012) ("There is no requirement for probable cause to be demonstrated as to every individual who is named as a target interceptee.").

"Title III requires a judge to find that there is probable cause to believe that 'an individual is committing, has committed, or is about to commit a particular offense enumerated' in the statute." *Madrid*, 916 F. Supp. 2d at 739 (citing 18 U.S.C. § 2518(3)(a)). "In addition, the statute requires the judge to find that there is probable cause that 'particular communications concerning [the] offense will be obtained through' the interception." *Id*. (citing 18 U.S.C. § 2518(3)(b)). "Finally, except under circumstances not applicable to the instant cause, a judge must also find that there is probable cause to believe 'that the facilities from which… the wire, oral, or electronic communications are to be intercepted are being used, or are about to be used in connection with the commission of such offenses.'" *Id*. (citing 18 U.S.C. § 2518(3)(d)).[2]

*Applications Filed in the Northern District of Illinois*[3]

The application, signed on April 12, 2007, authorized the interception of wire communications for telephone number (773) 814-2142 ("Target Telephone 3"), which was

---

[2] In considering the law to be applied to the present case, the Court has considered the recent Fifth Circuit case, *United States v. North*, No. 11-60763, 2013 WL 4516143 (5th Cir. Aug. 26, 2013); however, the Court believes that the reasoning in *North*, does not apply to the present case because the arguments made in *North* are different than those made here.

[3] The Government provided the Court with the application for telephone number (773) 814-2142 ("Target Telephone 3"). The Government also provided the Court with all the applications for Defendant's other two motions to suppress (Dkts. #257 and 258), which included several applications and hundreds of pages of documents. The Court does not have access to the applications for interception of wire communication for the other two phone numbers addressed in Defendant's motion. However, it is Defendant's burden to provide the Court with the information that it needs in order to rule on his motion to suppress. Defendant's motion is already lacking in factual allegations and legal arguments. Defendant has also failed to provide the Court with the applications for phone numbers (630) 776-4215 and (773) 875-8266. The Court will not further burden the Government with asking it to provide more information when it has already provided the Court with so many of the applications. Therefore, the Court recommends that Defendant's motion to suppress as to these two phone numbers be denied, based on Defendant's failure to meet his burden to provide the Court with enough information to evaluate his motion.

believed to be used by Astrit Bekteshi ("Bekteshi") in the operation of narcotics trafficking and importation of controlled substances.[4]

The affidavit includes summaries of selected intercepted calls over Target Telephone 3, and the affidavit is organized by subject-matter of the calls. For example, on March 13, 2007, Bekteshi discussed smuggling money into Canada. The affiant noted that he believes that Bekteshi has large sums of money from the proceeds of sales of drugs that he needs to be smuggled into Canada. Other sample conversations included buying real estate in Albania, and building a secret compartment into a vehicle and a semi-trailer to be used for smuggling money and/or drugs. One conversation in particular involving Defendant is set forth in detail in the affidavit. The affiant notes that Defendant made several calls organizing the sale of cocaine, and making sure that the cocaine is packaged and ready for shipping. In addition, the affiant describes another intercepted phone conversation where Defendant indicates that he is meeting up with a drug courier to pick up drugs.

The affidavit notes that the affiant's information is obtained from a variety of sources including information from confidential informants, consensually-recorded conversations, a review of telephone records, Title III interceptions over cellular telephones, and physical surveillance. The affiant believes that Bekteshi is a multi-product wholesale supplier of ecstasy, cocaine, and marijuana for customers in Chicago, Illinois, Detroit, Michigan, and Newark, New Jersey. In addition, the affiant notes that it is difficult to obtain any confidential informants due to the fact that most of Bekteshi's associates have a genuine fear for their safety and the safety of their family members.

---

[4] The affidavit indicates that authorization was obtained to intercept wire communications of (630) 776-4215 ("Target Telephone 1") which is subscribed to Candice Orticelli and is used by Denis Kocibelli and Candice Nunez. The affidavit also indicate that authorization was obtained to intercept wire communications of (773) 875-8266 ("Target Telephone 2"), which is subscribed to Romeo Drabo is and being used by Romeo Drabo.

Based on this information, and evaluating the totality of the circumstances, the Court finds that the affidavit contained more than enough facts for the issuing judge to find that there was probable cause to believe that at least one of the named individuals was "committing, has committed, or is about to commit a particular offense enumerated in the statute." *Madrid*, 916 F. Supp. 2d at 739 (citing 18 U.S.C. § 2518(3)(a)). Moreover, the affidavit provides more than enough facts to make a showing of probable cause to believe that intercepting wire communications from Target Telephone 3 would aid law enforcement in obtaining "particular communications concerning [the] offense" through the interception. *Id*. (citing 18 U.S.C. § 2518(3)(b)). Finally, the affidavit provides enough facts for the issuing judge to find that there was probable cause to believe "that the facilities from which… the wire, oral, or electronic communications are to be intercepted are being used, or are about to be used in connection with the commission of such offenses." *Id*. (citing 18 U.S.C. § 2518(3)(d)). For these reasons, the Court recommends that Defendant's Motion to Suppress Illinois Title III Phone Intercept Evidence (Dkt. #359) be denied.

**CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the Court recommends Defendant's Motion to Suppress Illinois Title III Phone Intercept Evidence (Dkt. #359) be **DENIED.**

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from

appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 2nd day of October, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE